1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2      A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501        Fax (888) 316-6107
4  e-mail: baruchcohen@baruchcohenesq.com

5  *Attorneys for Plaintiffs*  JONATHAN BAKER & BAKER ENTERTAINMENT GROUP

6
                    **UNITED STATES BANKRUPTCY COURT**
7
                    **CENTRAL DISTRICT OF CALIFORNIA**
8
                         **RIVERSIDE DIVISION**
9

10 | In re | Case No.  6:19-bk-10279-MH |

11 | THOMAS MOUNT, | Adversary 6:19-ap-01050-MH |

12 | Debtor | Assigned to the Honorable Mark D. Houle |

13 | | Chapter 7 |

14 | JONATHAN BAKER, BAKER | **PLAINTIFFS' OPPOSITION TO** |
15 | ENTERTAINMENT GROUP, | **DEFENDANT'S MOTION TO SET ASIDE** |
   | | **ENTRY OF DEFAULT PURSUANT TO** |
16 | Plaintiffs | **FEDERAL RULE OF CIVIL PROCEDURE** |
   | | **55(c) INCORPORATED BY FEDERAL** |
17 | vs. | **RULE OF BANKRUPTCY PROCEDURE** |
   | | **7055; DECLARATION OF BARUCH COHEN** |
18 | THOMAS MOUNT, | |
   | | Date : 6-5-2019 |
19 | Defendant | Time : 2:00 p.m. |
   | | Courtroom : 303 |
20 | | Place : 3420 Twelfth Street, Riverside CA 92501 |

21 **TO ALL INTERESTED PARTIES:**

22      **PLEASE TAKE NOTICE** that Plaintiffs JONATHAN BAKER & BAKER

23 ENTERTAINMENT GROUP ("Plaintiffs") hereby oppose the *Motion to Set Aside Entry of*

24 *Default Pursuant to Federal Rule of Civil Procedure 55(c) Incorporated by Federal Rule of*

25 *Bankruptcy Procedure 7055* ("Opposition") filed by Defendant THOMAS MOUNT

26 ("Defendant").

27      This Opposition will be based on such declarations, affidavits, memoranda of points and

28

5/16-2:40pm

1  authorities as may hereafter be filed with the Court, on all the papers and records on file in this

2  action, and on such oral and documentary evidence as may be presented at the hearing of the

3  application.

4          Local Bankruptcy Rule 9013-1(f)(2) provides that any reply must be filed with the court

5  and served on the Plaintiffs and their counsel not later than 7 days prior to the  hearing on the

6  motion; Local Bankruptcy Rule 9013-1(f).

7

8  DATED:        May 16, 2019                    LAW OFFICE OF BARUCH C. COHEN
                                                 A Professional Law Corporation
9
                                                 Baruch C. Cohen, Esq.
10                                               */s/ Baruch C. Cohen*
                                                 *Attorneys for Plaintiffs*
11                                               JONATHAN BAKER & BAKER
                                                 ENTERTAINMENT GROUP
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1. **MEMORANDUM OF POINTS & AUTHORITIES**

   a.    **BRIEF STATEMENT**

   In Defendant's *Motion to Set Aside the Default* (Motion, p4, lines 17-19), he claims:

   "Unbeknownst to the Defendant, the Court entered a default against the Defendant on April 22, 2019. The Defendant Answered the Plaintiffs' Adversary Complaint on April 25, 2019, not knowing that the default bad actually been entered....***Defendant never received any courtesy notices directly from the Plaintiffs about the entry of default or the Plaintiffs unilateral filing of the Status Report ahead of the scheduled May 8, 2019, Status Conference***." [Emphasis added]

   These statements are false. Defendant was warned - in advance - that a default would be filed, and was served with the *Request for Default* and with the entry of default.

   Plaintiffs' counsel grants and extends professional courtesies to his opposing counsel liberally, with no expectation of anything in return, except one thing: honesty. If opposing counsel misstates facts to the Court, no further courtesies are extended. Unfortunately, Defendant's Motion takes certain liberties with the facts and misstates them, necessitating this Opposition.

   b.    **PROCEDURAL FACTS**

   As evidenced by the *Declaration of Baruch C. Cohen in Support of Request for Entry of Default Pursuant to Fed. R. Civ. P. 55(A) (Made Applicable by Fed. R. Bankr. P. 7055* [Doc-4]:

   On 1-14-2019, the Debtor, Thomas Mount, filed this Chapter 7 bankruptcy, *In re Thomas Mount*, Case No. 6:19-bk-10279-MH [Doc-1].

   Pursuant to this Court's Notice of Meeting of Creditors [Doc-5] the deadline for filing objections for discharge was 4-22-2019.

   On 3-14-2019, Plaintiffs filed this *Complaint For Nondischargeability of Debt Pursuant to: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6); Denial of Discharge Pursuant to: 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. § 727(a)(4)(A); 11 U.S.C. § 727(a)(4)(D); 11 U.S.C. § 727(a)(5); & Unfair, Unlawful and Fraudulent  Business Practice Cal. Bus. & Prof. Code § 17200*, entitled; <u>Jonathan Baker, Baker Entertainment Group vs. Thomas Mount</u>, 6:19-ap-01050-MH.

The *Summons & Notice of Status Conference* was issued on 3-14-2019 and it identified **4-15-2019** as the Defendant's response date.

On 3-15-2019, Plaintiffs' counsel served Defendant and his bankruptcy counsel **by first class mail** with: (1) the Complaint For: Nondischargeability of Debt Pursuant to: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6); Denial of Discharge Pursuant to: 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. § 727(a)(4)(A); 11 U.S.C. § 727(a)(4)(D); 11 U.S.C. § 727(a)(5); & Unfair, Unlawful and Fraudulent  Business Practice Cal. Bus. & Prof. Code § 17200. et seq; (2) the Summons & Notice of Status Conference; (3) the Early Meeting of Counsel and Status Conference Instructions; & (4) the Notice of Compliance with Local Bankruptcy Rule 7026-1. See [Doc-3].

On **4-4-2019**, Plaintiffs' counsel wrote Defendant and his bankruptcy counsel requesting that they advise whether they would be defaulting on the Complaint, or whether a responsive pleading would be forthcoming, and Mr. Hewitt, whether he would be representing the Defendant in this case.

> "By now, you've been served with: (1) the Complaint For: Nondischargeability of Debt Pursuant to: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6); Denial of Discharge Pursuant to: 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. § 727(a)(4)(A); 11 U.S.C. § 727(a)(4)(D); 11 U.S.C. § 727(a)(5); & Unfair, Unlawful and Fraudulent  Business Practice Cal. Bus. & Prof. Code § 17200. et seq.; (2) the Summons & Notice of Status Conference; (3) the Early Meeting of Counsel and Status Conference Instructions; & (4) the Notice of Compliance with Local Bankruptcy Rule 7026-1.

> Please advise if you will be defaulting on the Complaint, or whether a responsive pleading will be forthcoming, and Mr. Hewitt, whether you will be representing the Defendant in this case.

> As you know, pursuant to the Court's Early Meeting of Counsel and Status Conference Instructions, Section 3, unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date set forth in the summons, which comes to 4-17-2019.

> Please advise when we can speak by phone to conduct the Rule 26(f) Meeting to: (a) discuss the nature and basis of Plaintiffs' claims and Defendant's defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or

arrange for the initial disclosures required by Rule 26(a)(1); and (c) develop a proposed discovery plan. The discussion of claims and defenses must be substantive and meaningful. The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

In addition, pursuant to the Court's Early Meeting of Counsel and Status Conference Instructions, Section 5, the parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. Please advise whether the Defendant wishes to settle this matter.

Additionally, pursuant to the Court's Early Meeting of Counsel and Status Conference Instructions, Section 7, our Joint Status Report is due 5-1-2019, so I'd like it done in advance and not at the last minute.

Please also be advised that I will be out of the country celebrating the Jewish holiday of Passover with my family. Passover this year is from 4-20-2019 - 4-27-2019. The actual Passover holiday dates are: 4-20-2019 & 4-21-2019, and 4-26-2019 & 4-27-2019 and work if forbidden during those days. The days in between are called Chol Hamoed and work is not forbidden, but permitted during those days when necessary. I hope to have WIFI access while I will be out of the country, and will be able to communicate with you via email & fax during Chol Hamoed, if necessary. Factoring in the travel to and from my destination, I will be out of the office from 4-18-2019 - 4-29-2019.  Given the above, I'd like to file the Joint Status Report before I leave for Passover, or before 4-18-2019.

Enclosed please find the proposed Joint Status Report completed as to Plaintiff."[1]

On 4-15-2019, at 5:38pm, Defendant's counsel wrote:

"It looks like Thomas will be answering the case. I haven't received any money to do so and am not obligated to do anything with my limited appearance. I think he was out of town, and is telling me that he's putting money together to do so but I can't work on it until I get a retainer which I believe is a week ago. So if you could please check in with me before you do a default as his intention is to answer and fight the case. I appreciate it." [2]

On **4-15-2019**, at 6:00pm, pursuant to Section 15 of the State Bar's enacted California

Attorney Guidelines of Civility and Professionalism, *Fasuyi v. Permatex, Inc*., 84 Cal. Rptr. 3d

351 (Cal. Ct. App. 2008) and Weil & Brown, Civil Procedure Before Trial (Rutter 2007)

---

[1] A true and correct copy of Mr. Cohen's letter of  4-4-2019 is attached hereto as Exhibit "1" and incorporated herein by this reference.

[2] A true and correct copy of Mr. Hewitt's letter of 4-15-2019 is attached hereto as Exhibit "2" and incorporated herein by this reference.

5:68-5:70, Plaintiffs' counsel advised  Defendant and his bankruptcy counsel of Plaintiffs'

intention to take Defendant's default. Plaintiffs' counsel sent them the proposed *Request For Clerk*

*to Enter Default Under LBR 7055-1(a)* that will be filed on 4-17-2019, unless Plaintiffs' counsel

received a conformed copy of a responsive pleading by close of business, 4-16-2019 at 5:00pm.

"On 3-15-2019, you were served with: (1) the Complaint For: Nondischargeability
of Debt Pursuant to: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. §
523(a)(6); Denial of Discharge Pursuant to: 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. §
727(a)(4)(A); 11 U.S.C. § 727(a)(4)(D); 11 U.S.C. § 727(a)(5); & Unfair, Unlawful
and Fraudulent  Business Practice Cal. Bus. & Prof. Code § 17200. et seq.; (2) the
Summons & Notice of Status Conference; (3) the Early Meeting of Counsel and
Status Conference Instructions; & (4) the Notice of Compliance with Local
Bankruptcy Rule 7026-1.

The *Summons & Notice of Status Conference* identified 4-15-2019 as the
Defendant's response date.

On 4-4-2019, I wrote you requesting that you advise me whether you will be
defaulting on the Complaint, or whether a responsive pleading will be forthcoming,
and Mr. Hewitt, whether you will be representing the Defendant in this case.  To
date, I have not received the courtesy of a response.

Pursuant to Section 15 of the State Bar's enacted California Attorney Guidelines of
Civility and Professionalism, I am advising you of my clients' intention to take
Defendant's default.

See, *Fasuyi v. Permatex, Inc*., 84 Cal. Rptr. 3d 351 (Cal. Ct. App. 2008),"'[i]f
Plaintiffs' counsel knows the identity of the lawyer representing defendant, he or
she owes an ethical obligation to warn before requesting entry of defendant's
default.  Failure to do so is a professional discourtesy that will not be condoned by
the courts . . . .'"  Id.  (quoting Weil & Brown, Civil Procedure Before Trial (Rutter
2007) 5:68-5:70.  The *Fasuyi* court supported its holding based on Section 15 of the
State Bar's enacted California Attorney Guidelines of Civility and Professionalism:
"'[a]n  attorney should not take the default of an opposing party known to be
represented by counsel without giving the party advance warning."  Id. at 365 n.10.

Pursuant to the California Rules of Court 3.110, Plaintiff is required to file a
request for entry of default within 10 days of default. Accordingly, enclosed please
find the proposed *Request For Clerk to Enter Default Under LBR 7055-1(a)* that
will be filed on 4-17-2019, unless I receive a conformed copy of a responsive
pleading by close of business, 4-16-2019 at 5:00pm."[3]

---

[3] A true and correct copy of Mr. Cohen's 1st 4-15-2019 letter to Defendant & Defendant's
counsel is attached hereto as Exhibit "3" and incorporated herein by this reference.

Prior to the expiration of the 4-16-2019 cutoff, Plaintiffs' counsel spoke with Defendant's counsel to extend the deadline to 4-22-2019 at 5:00pm. Defendant's counsel asked that the correspondence not be shared with the parties (but it shows that Defendant was indeed aware of the default before during and after).

On 4-15-2019, at 6:10pm, Defendant's counsel wrote:

"This email is personal between you and I so please do not send an email back with Thomas or any other party. I have been out of the office more than 1/2 the time since 4/4 my wife has had numerous tests which will require surgery and is diagnosed with cancer and I have 4 young kids so my time has been spent on only the most pressing things. My typical understanding in adversaries is the client is served with the summons in something other than mail and email, and was not sure if the summons being served by mail was suffice. I have had a hard time getting in touch with Thom who has recently gone over the facts and wishes to engage me but has not paid me but promised to within a week, so I won't be able to answer by tomorrow, but believe it should not be an issue for us to allow another week for me to answer under the circumstance. Please let me know."[4]

On 4-15-2019, at 6:53pm, Plaintiffs' Defendant's counsel wrote:

"This letter remains between us: I am very sorry to hear about your wife and the challenges that you are facing with her cancer. I too, have been victimized by cancer, as my 17 year old daughter died tragically from cancer 15 years ago. May God speedily grant good health to your wife. So I am extremely sensitive to your plight, and mean no disrespect in responding to the merits of the case:

Service by mail is 100% sufficient.

My policy to to liberally grant professional courtesies, so out of respect for your situation and of your request, my client is prepared to extend the filing of the default by a week, if we receive your confirmed answer by 4-22-2019 at 5:00pm. If we do not, we will file the default and the unilateral status report by 4-23-2019.

You might want to seriously consider sitting down with your client to discuss an immediate settlement with my client rather than fighting. If your client stipulates to a judgement under 523, my client would be prepared to dismiss the 727 claim and your client gets his sought-after discharge. As my client already has a pre-petition state court judgement, it would be giving my client what he already has, at no serious cost to your client. Otherwise, if your client wants to litigate, I can assure you, having litigated many 523/727 claims, that you will exhaust whatever initial retainer you come up with to file an answer, this litigation will cost the Debtor more

---

[4]A true and correct copy of Mr. Hewitt's 2nd letter of 4-15-2019 is attached hereto as Exhibit "4" and is incorporated herein by this reference.

1
2
3

than it's worth, and he'll rue the day why he didn't jump at the settlement offer
sooner. Please check my litigation verdict history on PACER to see my experience
in prosecuting 523/727 claims. If you see the wisdom in my suggestion, please call
me immediately to discuss settlement. Settlement = finality.

4
5
6
7
8

A reminder;  I will be out of the country celebrating the Jewish holiday of Passover
with my family. Passover this year is from 4-18-2019 - 4-30-2019. The actual
Passover holiday dates are: 4-20-2019 & 4-21-2019, and 4-26-2019 & 4-27-2019
and work if forbidden during those days. The days in between are called Chol
Hamoed and work is not forbidden, but permitted during those days when
necessary. I hope to have WIFI access while I will be out of the country, and will be
able to communicate with you via email & fax during Chol Hamoed, if necessary.
Factoring in the travel to and from my destination, I will be out of the office from
4-18-2019 - 4-29-2019."[5]

9
10

On 4-16-2019, at 5:54pm, Defendant's counsel wrote:

11
12
13
14
15
16
17

"Thanks. I appreciate the extension and I will talk to my client. It threw me off a
little that you'd do a 727 as that would allow other creditors to attack the client as
well as opposed to just your client and now it seems like there is some leveraging
with it in terms of getting him to settle. The US trustee and the standing trustee
haven't done anything in this case which to me would make it seem like 727
shouldn't be an issue. I think the differences of facts in terms of creative control on
the project are being seen from two very different perspectives so without talking to
you further it may be hard for me to convince him to settle other than a cost of
defense settlement as he is adamant about the work that he put together for the
contract. Do you have time to talk so I have something to present to my client. I can
schedule a phone consultation at your convenience and again thank you for the
professional courtesy."[6]

18

Defendant and his bankruptcy counsel did not file a response by that time.

19

Accordingly, on 4-22-2019 at 9:21 pm, Plaintiffs filed the *Request for Entry of Default*
[Doc-4].

20
21

On 4-23-2019, this Court issued its "Notice That Clerk Has Entered Default Against

22
23
24

---

25

[5] A true and correct copy of Mr. Cohen's 2nd 4-15-2019 letter to Defendant's counsel is attached hereto as Exhibit "5" and incorporated herein by this reference.

26
27

[6] A true and correct copy of Mr. Hewitt's letter of 4-16-2019 is attached hereto as Exhibit "6" and incorporated herein by this reference.

28

1  Defendant(s) Thomas Mount" [Doc-6].[7]

2        On 4-25-2019, this Court's *BNC Certificate of Notice (RE: related document(s)6 Notice*

3  *that Clerk Has Entered Default* [Doc-8] reflects that the Debtor was served with the Notice That

4  Clerk Has Entered Default Against Defendant(s) Thomas Mount" [Doc-6].[8]

5        On 5-7-2019, a day before the Joint Status Conference, Defendant filed the *Motion* [Doc-9]

6  and emailed a copy to Plaintiffs' counsel.

7        On 5-8-2019, Plaintiffs' counsel wrote Defendant a meet & confer letter regarding

8  misrepresentations contained in the Motion:

9      "Counsel:

10     I am VERY concerned about the misrepresentations made in your Motion to Set
11     Aside Default & Defendant's Unilateral Status Report.

12     "Unbeknownst to the Defendant, the Court entered a default against the Defendant
       on April 22, 2019. The Defendant Answered the Plaintiffs' Adversary Complaint on
13     April 25, 2019, not knowing that the default bad actually been entered....Defendant
       never received any courtesy notices directly from the Plaintiffs about the entry of
14     default or the Plaintiffs unilateral filing of the Status Report ahead of the scheduled
       May 8, 2019, Status Conference."
15

16     On 3-14-2019, in compliance with Local Bankruptcy Rule 7026-1, I filed and
       served you with a  copy of this Court's Early Meeting of Counsel and Status
17     Conference Instructions Effective February 17, 2012 [Doc-2] and I  served you with
       the Notice of Compliance with Local Bankruptcy Rule 7026-1.
18

19     On 4-4-2019 and on 4-14-2019, I explicitly wrote you of the pending default,
       extended professional courtesies to you about the pending default and of the status
20     report, and I even extended the response deadline for you at your request pursuant
       to your confidential letters that you asked to remain between us. I served you with
21     the Request for Default and the BNC shows that Defendant was served with the
       actual default too. How on earth you could attest under penalty of perjury to the
22     contrary is beyond me.

23       [7] A true and correct copy of this Court's 4-23-2019 Notice That Clerk Has Entered Default
24 Against Defendant(s) Thomas Mount [Doc-6] is attached hereto as Exhibit "7" and incorporated
   herein by this reference.
25

26       [8] A true and correct copy of this Court's 4-25-2019  *BNC Certificate of Notice (RE: related
   document(s) Notice that Clerk Has Entered Default* [Doc-8] is attached hereto as Exhibit "8" and
27 incorporated herein by this reference.

28

1

2

Now, you've made blatant misrepresentations to the court, now I will be forced to present those letters to the court refute your misrepresentations. I strongly urge you to withdraw your motion and unilateral report immediately (this morning) and refile them - without the misrepresentations, or I will be forced to oppose them, present the confidential letters that you asked to remain between us - and seek sanctions re same.

3

4

5

I grant professional courtesies liberally, but the kid gloves come off when I'm lied to. The pricetag for my attorneys fees just went up to $3,500.00."[9]

6

7

Plaintiff is concerned with the misrepresentations made by Defendant's counsel of the lack

8

of notice and the lack of professional courtesies, portraying Plaintiffs' counsel as someone who

9

plays fast and loose with the Court. While of course, Plaintiffs are sympathetic to Defendant's

10

counsel's personal medical crisis, that does not give Defendant's counsel the liberty to mislead the

11

Court. It is for this reason, to set the record straight, that Plaintiffs are submitting the

12

correspondence (that was initially to be between counsel) so that there is no misunderstanding.

13

    c.    **LEGAL ARGUMENT**

14

    i.    **GOOD CAUSE DOES NOT EXIST TO SET ASIDE THE DEFAULT**

15

In Defendant's Motion to Set Aside the Default, he claims:

16

"Unbeknownst to the Defendant, the Court entered a default against the Defendant on April 22, 2019. The Defendant Answered the Plaintiffs' Adversary Complaint on April 25, 2019, not knowing that the default bad actually been entered....Defendant never received any courtesy notices directly from the Plaintiffs about the entry of default or the Plaintiffs unilateral filing of the Status Report ahead of the scheduled May 8, 2019, Status Conference."

17

18

19

These statements are false. Defendant was warned - in advance - that a default would be

20

filed, and was served with the *Request for Default* and with the entry of default.

21

    ii.    **DEFENDANT HAS NOT PRESENTED FACTS OF A**

22

    **MERITORIOUS DEFENSE**

23

Defendant's Motion concludes: "*The Defendant has evidence to refute the Plaintiffs'*

24

*contentions alleged by way of their Adversary Complaint, and will of course provide said*

25

26

    [9] A true and correct copy of Mr. Cohen's 5-8-2019 letter to Defendant's counsel is attached hereto as Exhibit "9" and incorporated herein by this reference.

27

28

*documentary evidence during the Discovery Phase of the litigation*." (Motion, p.9, lines 3-5). This is insufficient to set aside a default. The time to present that evidence is in the Motion, not at some future date. Defendant's Motion fails on this point.

When deciding whether to vacate a default (judgment), courts take into consideration four factors associated with Fed. R. Civ. P. 55(c): (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Ins. Co v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811 (9th Cir. 1985). See, 10 Wright and Miller, Federal Practice and Procedure ("Wright & Miller"), § 2694.

While all four factors must be considered, "the threshold consideration is whether the defendant has alleged facts which would constitute a meritorious defense." *NuMed Rehabilitation, Inc. v. TNS Nursing Homes of Pennsylvania, Inc*., 187 F.R.D. 222, 224 (E.D. Pa.1999) (citing *Resolution Trust Corp. v. Forest Grove, Inc*., 33 F.3d 284, 288 (3d Cir. 1994)). Here, Defendant has not met this threshold by providing a meritorious defense.

"The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); see *Insurance Co. of America v. Packaging Coordinators, Inc*., 2000 WL 1586081, at *1 (E.D. Pa. Oct. 24, 2000) (to assess whether the defendant has alleged facts which could constitute a meritorious defense, "the court may examine the defendant's answer, or if none was filed, the allegations in its motion to vacate the default judgment or set aside entry of default."). A defendant need not prove that it will win at trial. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Rather, it is sufficient for a defendant to show that its defense is not "facially unmeritorious." Id. (quoting *Gross v. Stereo Component Systems, Inc*., 700 F.2d 120, 123 (3d Cir. 1983)). It is not enough, however, for a defendant to allege only "simple denials or conclusory statements." *$55,510.05 in U.S.*

*Currency*, 728 F.2d at 195. In other words, merely stating that he has a defense, is not the same as alleging facts proving that he has a meritorious defense.

The burden on a defaulted defendant to show that it has a meritorious defense "is not extraordinarily heavy." *TCI Grp.*, 244 F.3d at 700. To justify vacating a default a party must present the district court with specific facts constituting a defense. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (citing *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)). A "general denial without facts to support it" is insufficient to justify vacating a default. Id. A defendant must "allege sufficient facts that, if true, would constitute a defense." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) ("Mesle"). Whether factual allegations are true "would be the subject of the later litigation" and "is not to be determined by the court when it decides the motion to set aside the default." Id.

Defendant's Motion and supporting declarations are absolutely silent as to Defendant's facts supporting his alleged defenses to: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6); 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. § 727(a)(4)(A); 11 U.S.C. § 727(a)(4)(D); & 11 U.S.C. § 727(a)(5). Not a single fact is alleged in Defendant's defense to these claims. None.

    iii.    **DEFENDANT'S DELAY IN RESPONDING TO THE COMPLAINT WAS CULPABLE**

An attorney's mismanagement of the Plaintiffs' case was found to not constitute excusable neglect (so as to justify relief from an order) where reopening the case would result in substantial prejudice to the defendants. *Cobos v. Adelphi University*, 179 F.RD. 381, (D.C. NY. 1998).

In another case, the court held that the defendant's organizations' lack of financial ability to retain counsel was a willful decision since the organization took no steps to retain an attorney until ordered to do so even by the court, and then made only minimal efforts to do so. See, *United We Stand America, Inc. vs. United We Stand, America New York, Inc*., 128 F.3rd 86 (CA 2nd 1997). This is similar to the instant case where Defendant intentionally ignored the service of

1  process for months from May 15, 2015 to September 15, 2015, until after the Plaintiffs had

2  traveled to Las Vegas to attend the prove-up hearing on the simple promissory note collection

3  matter.  The Sixth Circuit has also held th at refusal to vacate a default judgment was proper where

4  the defendant's actions were "wilful and intentional" meaning it was his own voluntary action that

5  caused the default.  See, *Wifersong Ltd. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992).

6        Here, Defendant admits in his declaration that he took his time to fund his counsel's

7  retainer. That was his decision = culpable conduct; counsels against setting aside the default.

8        "A defendant's conduct is culpable if he has received actual or constructive notice of the

9  filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244

10  F.3d 691, 697 (9th Cir. 2001), overruled in part on other grounds by *Egelhoff v. Egelhoff ex rel.*

11  *Breiner*, 532 U.S. 141 (2001). In order for a failure to answer to be intentional, "the movant must

12  have acted with bad faith." Mesle, 615 F.3d at 1092. "A movant cannot be treated as culpable

13  simply for having made a conscious choice not to answer." Id. If a defendant "neglectfully1

14   fails to answer, yet offers a credible, good faith explanation negating any intention to take

15  advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate

16  the legal process[,]" he or she is not necessarily culpable. TCI Group, 244 F3d. at 697–98.

17  Culpable behavior "usually involves conduct by parties that is calculated to help them retain

18  property in their possession, and avoid liability by staying out of court." Mesle, 615 F.3d at 1094.

19  For purposes of the good cause factors, culpable behavior is also typically found when "there is no

20  explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to

21  respond." Id. (citing TCI Group, 244 F.3d at 698.)

22        Here, Defendant was provided with actual notice of the filing of the action and knew

23  when the answer was due. Instead of filing a timely answer, after requesting a 1-week extension,

24  Defendant allowed the default to be entered.

25        Defendant's proffered excuse for failing to file a responsive pleading is the multiple

26  distractions that stem from very difficult circumstances involving his counsel's family, failing to

27

28

5/16-2:40pm

-13-

1  fund a retention. However, as an attorney, Mr. Hewit should know the consequences of his failure

2  to answer and is presumed to be culpable. *Mesle*, 615 F.3d at 1093 ("When considering a legally

3  sophisticated party's culpability in a default, an understanding of the consequences of its actions

4  may be assumed, and with it, intentionally.") (citing Direct Mail Specialists, Inc. v. Eclat

5  Computerized Technologies, Inc., 840 F.2d 690 (9th Cir. 1988) (Defendant was "a lawyer,

6  presumably . . . well aware of the dangers of ignoring service of process")); see also Benny v.

7  Pipes, 799 F.2d 489, 494 (9th Cir. 1986) (Defendants' failure to answer the complaint was

8  culpable when defendants had first filed motions to extend their time to answer, indicating an

9  ability to deal with legal requirements.).

10         iv.      **LIFTING THE DEFAULT WOULD PREJUDICE PLAINTIFF**S

11         Indeed, by not presenting a single fact of a meritorious defense in support of the Motion,

12  Plaintiffs would be prejudiced by proceeding blindly into litigation with no idea whether

13  Defendant has a meritorious defense or not.

14         v.       **CONDITIONAL SET ASIDE UPON PAYMENT OF PLAINTIFFS'**

15                  **FEES S ALTERNATIVE**

16         Alternatively, Defendant should be compelled to pay reasonable attorneys' fees and court

17  costs to the Plaintiffs as a condition of having to set aside the Default in this case.  Should the

18  court be inclined to grant the requests of the defaulted Defendant in this matter, than Plaintiffs

19  should be compensated for the time and expense of having to obtain the Default in this matter.

20         Here, the Plaintiffs have exerted substantial time, effort and resources in obtaining a

21  Default in this matter.  Now the defaulted Defendant is requesting the Court excuse his neglect at

22  the personal cost and expense to the Plaintiffs and Plaintiffs' counsel.  Thus, it would be

23  appropriate for this court to condition any setting aside of the Default or Default Judgment upon

24  the payment of the defaulted Defendant to Plaintiffs' counsel of the amount of attorneys' fees and

25  costs incurred in relation to obtaining the Default. See, *Nichiro Gyogko Kaisha, Ltd. v. Norman*,

26  606 P.2d 401, 403 (Alaska S.Ct. 1980).

27

28

1  In *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d

2  1538 (9th Cir. 1988), the court stated as follows:

3  "By conditioning the setting aside of a default, any prejudice suffered by the
non-defaulting party as a result of the default and the subsequent reopening of the
4  litigation can be rectified.  10 C Wright, A. Miller & M. Kane, Federal Practice and
Procedure §2700, p. 538 (1983).  According to Wright, Miller & Kane, the most
5  common type of prejudice is the additional expense caused by the delay, the hearing
on the Rule 55(c) motion, and the introduction of new issues.  Courts have eased
6  these burdens by requiring the defaulting party to provide a bond to pay costs, to
pay court costs, or to cover the expenses of the appeal.  The use of imposing
7  conditions can serve to 'promote the positive purposes of the default procedures
without subjecting either litigant to their drastic consequences.'  Id. at 539."
8

9  Also, in *E. & J. Gallo Winery v Rallo*, 430 F.Supp.2d 1064 (E. D. Cal. 2005, the court held

10  as follows regarding conditional set aside orders:

11  "It is appropriate for a district court to condition its order setting side default on the
payment of fees and costs.  *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst*
12  *v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988) ('By conditioning
the setting aside of a default, any prejudice suffered by the non-defaulting party as a
13  result of the default and the subsequent reopening of the litigation can be
rectified….  The use of imposing conditions can serve to promote the positive
14  purposes of the default procedures without subjecting either litigant to their drastic
consequences.')"
15

16  This alternative is useful to prevent a defendant from intentionally allowing a default

17  judgment to be entered at substantial cost and expense, under the false impression he can always

18  get the judgment set aside almost automatically as if the court is compelled, as a matter of course,

19  to grant Rule 60 motions.  This is not and cannot become the law in this or any other jurisdiction.

20  Plaintiffs have incurred attorneys' fees and costs in obtaining this default and must be

21  compensated "if" the Court grants the Motion. See Declaration of Baruch Cohen.

22  d.    **CONCLUSION**

23  Applying the foregoing legal analysis to the case at bar, it is abundantly evident that the

24  Defendant in this case has not articulated a single fact demonstrating that he has any meritorious

25  defenses to this lawsuit, ignored Plaintiffs' courtesies and extensions, and chose not to respond to

26  the Complaint.

27

28

5/16-2:40pm

1    The Defendant was certainly able to easily file an answer or telephone Plaintiffs' attorney

2   and request another continuance before the default was entered and before Plaintiffs incurred legal

3   fees to prepare the default application.  This type of intentional decision to not file a timely answer

4   makes the Defendant culpable for his intentional non-actions, and is grounds to deny the

5   Defendant's Motion to Set Aside the Default.  Alternatively, if the court elects to set aside the

6   judgment, it should make any such order conditional on the payment of Plaintiffs' costs and fees

7   incurred to date.

8

9   DATED:        May 16, 2019              LAW OFFICE OF BARUCH C. COHEN
                                            A Professional Law Corporation
10

11                                          */s/ Baruch C. Cohen*
                                            Baruch C. Cohen, Esq.
12                                          *Attorneys for Plaintiffs*
                                            JONATHAN BAKER & BAKER
13                                          ENTERTAINMENT GROUP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF BARUCH COHEN
IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT PURSUANT TO
FED. R. CIV. P. 55(A) (MADE APPLICABLE BY FED. R. BANKR. P. 7055**

I, BARUCH C. COHEN, declare and state as follows:

1.   The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.   I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; United States Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of California; Eastern District of California; Northern District of California; and Southern District of California.

3.   I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4.   I proudly represent *Plaintiffs* JONATHAN BAKER & BAKER ENTERTAINMENT GROUP.

5.   This Declaration is in support of PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(A) (MADE APPLICABLE BY FED. R. BANKR. P. 7055.

6.   My hourly rate is $500.00 per hour.

    a.   On 4-4-2019, I incurred one hour writing Defendant's counsel to meet & confer regarding the response date, the FRCP 26 requirements and the Joint Status requirements.[10]

    b.   On 4-15-2019, I incurred one hour writing Defendant's counsel to meet & confer

_____

[10] A true and correct copy of Mr. Cohen's letter of 4-4-2019 is attached hereto as Exhibit "1" and incorporated herein by this reference.

regarding the courtesy notice before default, and of the impending default.[11]

c.    On 4-15-2019, I incurred another half hour writing Defendant's counsel to meet & confer regarding the courtesy notice before default, and of the impending default.[12]

d.    On 4-22-2019 I incurred another half hour preparing and filing the *Request for Entry of Default* [Doc-4].

e.    On 5-8-2019, I incurred an hour reviewing Defendant's *Motion* [Doc-9] and writing Defendant's counsel to meet & confer regarding the misrepresentations contained in the Motion."[13]

f.    I have incurred 3 hours preparing this Opposition, expect to incur another hour to review Defendant's Reply, and anticipate four more hours traveling to Riverside to attend this hearing.

7.    A total of 12 hours = $6,000.00.

8.    I am concerned with the misrepresentations made by Defendant's counsel of the lack of notice and the lack of professional courtesies, portraying me as someone who plays fast and loose with the Court. While of course, I am sympathetic to Defendant's counsel's personal medical crisis, that does not give Defendant's counsel the liberty to mislead the Court. It is for this reason, to set the record straight, that I am submitting the correspondence (that was initially to be between counsel) so that there is no misunderstanding.

---

[11] A true and correct copy of Mr. Cohen's 1st 4-15-2019 letter to Defendant & Defendant's counsel is attached hereto as Exhibit "3" and incorporated herein by this reference.

[12] A true and correct copy of Mr. Cohen's 2nd 4-15-2019 letter to Defendant's counsel is attached hereto as Exhibit "5" and incorporated herein by this reference.

[13] A true and correct copy of Mr. Cohen's 5-8-2019 letter to Defendant's counsel is attached hereto as Exhibit "9" and incorporated herein by this reference.

1     I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct.

3     Executed May 16, 2019, at Los Angeles, California.

4

5                                          */s/ Baruch C. Cohen*
                                           Baruch C. Cohen
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT - 1

Law Office of
# Baruch C. Cohen, Esq.
A Professional Law Corporation

4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010-3823

Telephone: (323) 937-4501
Facsimile: (323) 937-4503

April 4, 2019

Thomas Mount
38525 Desert Green Dr E
Palm Desert, CA 92260
Email: thommount@gmail.com

Christopher Hewitt
Law Office of Christopher Hewitt
74361 Highway 111, Suite 7
Palm Desert, CA 92260
Email: hewittesq@yahoo.com

Re:    ***Baker vs Mount - Adversary # 6:19-ap-01050-MH - Rule 26(f) Meeting***

Dear Messrs. Mount & Hewitt:

By now, you've been served with: (1) the Complaint For: Nondischargeability of Debt Pursuant
to: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6); Denial of Discharge
Pursuant to: 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. §727(a)(4)(A); 11 U.S.C. §727(a)(4)(D); 11
U.S.C. §727(a)(5); & Unfair, Unlawful and Fraudulent  Business Practice Cal. Bus. & Prof. Code
§ 17200. ET SEQ; (2) the Summons & Notice of Status Conference; (3) the Early Meeting of
Counsel and Status Conference Instructions; & (4) the Notice of Compliance with Local
Bankruptcy Rule 7026-1.

Please advise if you will be defaulting on the Complaint, or whether a responsive pleading will
be forthcoming, and Mr. Hewitt, whether you will be representing the Defendant in this case.

As you know, pursuant to the Court's Early Meeting of Counsel and Status Conference
Instructions, Section 3, unless all defendants default, the parties must meet and confer pursuant
to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days
before the status conference date set forth in the summons, which comes to 4-17-2019.

Please advise when we can speak by phone to conduct the Rule 26(f) Meeting to: (a) discuss the
nature and basis of Plaintiff's claims and Defendant's defenses and the possibilities for a prompt
settlement or resolution of the case; (b) make or arrange for the initial disclosures required by
Rule 26(a)(1); and (c) develop a proposed discovery plan. The discussion of claims and defenses
must be substantive and meaningful. The parties are directed to approach the Rule 26(f) Meeting
cooperatively and in good faith.

In addition, pursuant to the Court's Early Meeting of Counsel and Status Conference
Instructions, Section 5, the parties must explore the feasibility of ADR to reach a settlement or

Page 1 of 2

early resolution of the adversary proceeding. Please advise whether the Defendant wishes to settle this matter.

Additionally, pursuant to the Court's Early Meeting of Counsel and Status Conference Instructions, Section 7, our Joint Status Report is due 5-1-2019, so I'd like it done in advance and not at the last minute.

Please also be advised that I will be out of the country celebrating the Jewish holiday of Passover with my family. Passover this year is from 4-20-2019 - 4-27-2019. The actual Passover holiday dates are: 4-20-2019 & 4-21-2019, and 4-26-2019 & 4-27-2019 and work if forbidden during those days. The days in between are called Chol Hamoed and work is not forbidden, but permitted during those days when necessary. I hope to have WIFI access while I will be out of the country, and will be able to communicate with you via email & fax during Chol Hamoed, if necessary. Factoring in the travel to and from my destination, I will be out of the office from 4-18-2019 - 4-29-2019.  Given the above, I'd like to file the Joint Status Report before I leave for Passover, or before 4-18-2019.

Enclosed please find the proposed Joint Status Report completed as to Plaintiff.

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:      Jonathan Baker
Enclosure
C:\DATA\DOCS\BEG\OPC-2 - Rule 26(f) Meeting.wpd
4/4-8:35am

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| BARUCH C. COHEN<br>BARUCH C. COHEN, ESQ.<br>LAW OFFICE OF BARUCH C. COHEN, APLC<br>4929 WILSHIRE BOULEVARD, SUITE 940<br>LOS ANGELES, CA 90010<br>323-937-4501<br>(888) 316-6107<br>159455<br>baruchcohen@baruchcohenesq.com<br>☐ Individual appearing without attorney<br>☒ Attorney for: Plaintiffs | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re: THOMAS MOUNT | |
|---|---|
| | CASE NO.: 6:19-bk-10279-MH |
| | ADVERSARY NO.: 6:19-ap-01050-MH |
| | CHAPTER: 7 |
| Debtor(s). | |
| JONATHAN BAKER, BAKER ENTERTAINMENT GROUP | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]** |
| Plaintiff(s).<br>vs.<br>THOMAS MOUNT | DATE: 5-8-2018<br>TIME: 2:00PM<br>COURTROOM: 303<br>ADDRESS: 3420 Twelfth Street, Riverside, CA 92501 |
| Defendant(s). | |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

### A. PLEADINGS/SERVICE:

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☒ Yes  ☐ No

2. Have all parties filed and served answers to the Claims Documents?  ☒ Yes  ☐ No

3. Have all motions addressed to the Claims Documents been resolved?  ☐ Yes  ☒ No

4. Have counsel met and conferred in compliance with LBR 7026-1?  ☒ Yes  ☐ No

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 1                          F 7016-1.STATUS.REPORT

F701611

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

**B.** <u>**READINESS FOR TRIAL:**</u>

1.  When will you be ready for trial in this case?

<u>Plaintiff</u>                              <u>Defendant</u>

FALL 2019

2.  If your answer to the above is more than **4 months** after the summons issued in this case, give reasons for further delay.

<u>Plaintiff</u>                              <u>Defendant</u>

PLAINTIFF'S COUNSEL'S WORKLOAD AND
TRIAL SCHEDULE

3.  When do you expect to complete <u>your</u> discovery efforts?

<u>Plaintiff</u>                              <u>Defendant</u>

SUMMER 2019

4.  What additional discovery do you require to prepare for trial?

<u>Plaintiff</u>                              <u>Defendant</u>

DOCUMENT DEMANDS, DEPOSITIONS,
FROGGS, SROGGS, AND RFA'S

**C.** <u>**TRIAL TIME:**</u>

1.  What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

<u>Plaintiff</u>                              <u>Defendant</u>

APPROXIMATELY 1-2 DAYS

2.  How many witnesses do you intend to call at trial (*including opposing parties*)?

<u>Plaintiff</u>                              <u>Defendant</u>

APPROXIMATELY 5-8

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    **Page 2**                    **F 7016-1.STATUS.REPORT**

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|

APPROXIMATELY 10-20

## D. PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference [X] is [ ] is not requested | Pretrial conference [ ] is [ ] is not requested |
| Reasons: TO NARROW THE ISSUES BEFORE TRIAL | Reasons: |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (date) JULY 2019 | (date) _____ |

## E. SETTLEMENT:

1. What is the status of settlement efforts? N/A

2. Has this dispute been formally mediated?    [ ] Yes   [X] No
   If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| [X] Yes   [ ] No | [ ] Yes   [ ] No |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## F. FINAL JUDGMENT/ORDER:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| [X] I do consent | [ ] I do consent |
| [ ] I do not consent | [ ] I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

## G. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: (*Use additional page if necessary*)

PLAINTIFF'S COUNSEL IS AN ORTHODOX JEW AND OBSERVES THE FOLLOWING JEWISH HOLIDAYS (PLEASE DO NOT SCHEDULE ANY HEARINGS ON THESE DATES):

Monday, June 10, 2019 2nd Day of Shavuous
Monday, September 30, 2019 - Tuesday, October 1, 2019 - Rosh Hashana
Wednesday, October 9, 2019 - Yom Kippur
Monday, October 14, 2019 - Tuesday, October 15, 2019 - Sukkot
Monday, October 21, 2019 - Shmini Atzeres
Tuesday, October 22, 2019 - Simchas Torah
Friday April 26, 2019, 7th day of Passover
Monday June 10, 2019, 2nd day of Shavuous
Monday September 30, 2019, 1st day of Rosh Hashana
Tuesday October 1, 2019, 2nd day of Rosh Hashana
Wednesday October 9, 2019, Yom Kippur
Monday October 14, 2019, 1st day of Sukkot
Tuesday October 15, 2019, 2nd day of Sukkot
Monday October 21, 2019, Shemini Atzeret
Tuesday October 22, 2019, Simchat Torah

Respectfully submitted,

Date: _____            Date: _____

BARUCH C. COHEN, ESQ.            _____
Printed name of law firm            Printed name of law firm

_____            _____
Signature                  Signature

_____            _____
Printed name                Printed name

Attorney for: Plaintiffs            Attorney for: _____

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5/16/2019    LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Baker vs Mount - Adversary # 6:19-ap-01050-MH - Rule 26(f) Meeting



**BARUCH COHEN <baruchcohen@baruchcohenesq.com>**

## Baker vs Mount - Adversary # 6:19-ap-01050-MH - Rule 26(f) Meeting

Baruch Cohen <baruchcohen@baruchcohenesq.com>                                    Thu, Apr 4, 2019 at 8:39 AM
Reply-To: bcc@baruchcohenesq.com
To: Thom Mount <thommount@gmail.com>, hewittesq@yahoo.com
Bcc: Jonathan Baker <jonathanbaker@bakerentgroup.com>

Law Office of
Baruch C. Cohen, Esq.
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940          Telephone: (323) 937-4501
Los Angeles, California 90010-3823          Facsimile: (323) 937-4503

April 4, 2019

Thomas Mount
38525 Desert Green Dr E
Palm Desert, CA 92260
Email: thommount@gmail.com (mailto:thommount@gmail.com)

Christopher Hewitt
Law Office of Christopher Hewitt
74361 Highway 111, Suite 7
Palm Desert, CA 92260
Email: hewittesq@yahoo.com (mailto:hewittesq@yahoo.com)

Re: *Baker vs Mount - Adversary # 6:19-ap-01050-MH - Rule 26(f) Meeting*

Dear Messrs. Mount & Hewitt:

By now, you've been served with: (1) the Complaint For: Nondischargeability of Debt Pursuant to: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6); Denial of Discharge Pursuant to: 11 U.S.C. §727(a)(2)(A); 11 U.S.C. §727(a)(4)(A); 11 U.S.C. §727(a)(4)(D); 11 U.S.C. §727(a)(5); & Unfair, Unlawful and Fraudulent Business Practice Cal. Bus. & Prof. Code § 17200. ET SEQ; (2) the Summons & Notice of Status Conference; (3) the Early Meeting of Counsel and Status Conference Instructions; & (4) the Notice of Compliance with Local Bankruptcy Rule 7026-1.

Please advise if you will be defaulting on the Complaint, or whether a responsive pleading will be forthcoming, and Mr. Hewitt, whether you will be representing the Defendant in this case.

As you know, pursuant to the Court's Early Meeting of Counsel and Status Conference Instructions, Section 3, unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date set forth in the summons, which comes to 4-17-2019.

Please advise when we can speak by phone to conduct the Rule 26(f) Meeting to: (a) discuss the nature and basis of Plaintiff's claims and Defendant's defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and (c) develop a proposed discovery plan. The discussion of claims and defenses must be substantive and meaningful. The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

In addition, pursuant to the Court's Early Meeting of Counsel and Status Conference Instructions, Section 5, the parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. Please advise whether the Defendant wishes to settle this matter.

Additionally, pursuant to the Court's Early Meeting of Counsel and Status Conference Instructions, Section 7, our Joint Status Report is due 5-1-2019, so I'd like it done in advance and not at the last minute.

Please also be advised that I will be out of the country celebrating the Jewish holiday of Passover with my family. Passover this year is from 4-20-2019 - 4-27-2019. The actual Passover holiday dates are: 4-20-2019 & 4-21-2019, and 4-26-2019 & 4-27-2019 and work if forbidden during those days. The days in between are called Chol Hamoed and work is not forbidden, but permitted during those days when necessary. I hope to have WIFI access while I will be out of the country, and will be able to communicate with you via email & fax during Chol Hamoed, if necessary. Factoring in the travel to and from my destination, I will be out of the office from 4-18-2019 - 4-29-2019. Given the above, I'd like to file the Joint Status Report before I leave for Passover, or before 4-18-2019.

Enclosed please find the proposed Joint Status Report completed as to Plaintiff.

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,
Baruch Cohen
BARUCH C. COHEN
cc:  Jonathan Baker
Enclosure
C:\DATA\DOCS\BEG\OPC-2 - Rule 26(f) Meeting.wpd
4/4-8:38am

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*

(http://attorneysdefendingisrael.blogspot.com/) American Trial Attorneys in Defense of Israel

(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)

(https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

(https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

(?
ui=2&ik=3b6bf1d349&view=att&th=169e90176a733d3b&attid=0.1&disp=attd&realattid=f_ju2t2etf0&safe=1&zw)

**BAKER - LTR TO OPC RE FRCP 26F
MEETING.pdf**
160K

# EXHIBIT - 2

5/16/2019      LAW OFFICE OF BARUCH C. COHEN, APLC Mail - BAKER VS MOUNT - Adversary # 6:19-ap-01050-MH - COMPLAINT FOR: NONDI...



**BARUCH COHEN <baruchcohen@baruchcohenesq.com>**

## BAKER VS MOUNT - Adversary # 6:19-ap-01050-MH - COMPLAINT FOR: NONDISCHARGEABILITY OF DEBT PURSUANT TO: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6); DENIAL OF DISCHARGE PURSUANT TO: 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. §727(a)(4)(A); 11 U.S.C. §727(a)(4)(D); 11 U.S.C. §727(a)(5); & UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICE CAL. BUS. & PROF. CODE § 17200. ET SEQ

**Chris Hewitt** <hewittesq@yahoo.com>                                Mon, Apr 15, 2019 at 5:38 PM
Reply-To: Chris Hewitt <hewittesq@yahoo.com>
To: bcc@baruchcohenesq.com

It looks like Thomas will be answering the case. I haven't received any money to do so and am not obligated to do anything with my limited appearance. I think he was out of town, and is telling me that he's putting money together to do so but I can't work on it until I get a retainer which I believe is a week ago. So if you could please check in with me before you do a default as his intention is to answer and fight the case. I appreciate it.

Sincerely,

Chris Hewitt
74361 Highway 111 (https://maps.google.com/?
q=74361+Highway+111++Suite+7+Palm+Desert,+CA+92260&entry=gmail&source=g) Suite 7
Palm Desert, CA 92260 (https://maps.google.com/?
q=74361+Highway+111++Suite+7+Palm+Desert,+CA+92260&entry=gmail&source=g) &
 3890 11th street (https://maps.google.com/?q=3890+11th+street&entry=gmail&source=g) (By
Appt only) Riverside, CA 92501
 (Cell) 415-265-2917
 (Phone) 760-459-2438
 (Fax) 877-241-6366
hewittbankruptcy.com (http://hewittbankruptcy.com)


[Quoted text hidden]

**5 attachments**

| | |
|---|---|
| 🗎 (?<br>ui=2&ik=3b6bf1d349&view=att&th=16a2395288ffdcb8&attid=0.1&disp=attd&safe=1&zw) | **2019-03-015_Mount_FILED_PoS Complaint-Summons-Notices.pdf**<br>1652K |
| 🗎 (?<br>ui=2&ik=3b6bf1d349&view=att&th=16a2395288ffdcb8&attid=0.2&disp=attd&safe=1&zw) | **BEG - NOTICE OF COMPLIANCE.pdf**<br>262K |
| 🗎 (?<br>ui=2&ik=3b6bf1d349&view=att&th=16a2395288ffdcb8&attid=0.3&disp=attd&safe=1&zw) | **Early Meeting of Counsel and Status Conference Instructions.pdf**<br>38K |
| 🗎 (?<br>ui=2&ik=3b6bf1d349&view=att&th=16a2395288ffdcb8&attid=0.4&disp=attd&safe=1&zw) | **Summons Issued on Thomas Mount.pdf**<br>38K |
| 🗎 (?<br>ui=2&ik=3b6bf1d349&view=att&th=16a2395288ffdcb8&attid=0.5&disp=attd&safe=1&zw) | **2019-03-14_FILED_Mount_Complaint.pdf**<br>587K |

# EXHIBIT - 3

5/8/2019        LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Re: BAKER VS MOUNT - Adversary # 6:19-ap-01050-MH - Advance Warning Re: D...



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

## Re: BAKER VS MOUNT - Adversary # 6:19-ap-01050-MH - Advance Warning Re: Default

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>                                                                                      Mon, Apr 15, 2019 at 6:00 PM
Reply-To: bcc@baruchcohenesq.com
To: Chris Hewitt <hewittesq@yahoo.com>, Thom Mount <thommount@gmail.com>
Cc: BARUCH COHEN <bcc@baruchcohenesq.com>
Bcc: Jonathan Baker <jonathanbaker@bakerentgroup.com>

Law Office of
Baruch C. Cohen, Esq.
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940        Telephone: (323) 937-4501
Los Angeles, California 90010-3823        Facsimile: (323) 937-4503

April 15, 2019

Thomas Mount
38525 Desert Green Dr E
Palm Desert, CA 92260
Email: thommount@gmail.com (mailto:thommount@gmail.com)

Christopher Hewitt
Law Office of Christopher Hewitt
74361 Highway 111, Suite 7
Palm Desert, CA 92260
Email: hewittesq@yahoo.com (mailto:hewittesq@yahoo.com)

Re:  **Baker vs Mount - Adversary # 6:19-ap-01050-MH - Advance Warning Re: Default**

Dear Messrs. Mount & Hewitt:

On 3-15-2019, you were served with: (1) the Complaint For: Nondischargeability of Debt Pursuant to: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6);
Denial of Discharge Pursuant to: 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. §727(a)(4)(A); 11 U.S.C. §727(a)(4)(D); 11 U.S.C. §727(a)(5); & Unfair, Unlawful and Fraudulent
Business Practice Cal. Bus. & Prof. Code § 17200, ET SEQ; (2) the Summons & Notice of Status Conference; (3) the Early Meeting of Counsel and Status Conference
Instructions; & (4) the Notice of Compliance with Local Bankruptcy Rule 7026-1.

The Summons & Notice of Status Conference identified 4-15-2019 as the Defendant's response date.

On 4-4-2019, I wrote you requesting that you advise me whether you will be defaulting on the Complaint, or whether a responsive pleading will be forthcoming, and Mr.
Hewitt, whether you will be representing the Defendant in this case. To date, I have not received the courtesy of a response.

Pursuant to Section 15 of the State Bar's enacted California Attorney Guidelines of Civility and Professionalism, I am advising you of my clients' intention to take
Defendant's default.

See, Fasuyi v. Permatex, Inc., 84 Cal. Rptr. 3d 351 (Cal. Ct. App. 2008),"[i]f plaintiff's counsel knows the identity of the lawyer representing defendant, he or she owes an
ethical obligation to warn before requesting entry of defendant's default. Failure to do so is a professional discourtesy that will not be condoned by the courts . . . ."  Id.
(quoting Weil & Brown, Civil Procedure Before Trial (Rutter 2007) 5:68-5:70.  The Fasuyi court supported its holding based on Section 15 of the State Bar's enacted
California Attorney Guidelines of Civility and Professionalism: "'[a]n attorney should not take the default of an opposing party known to be represented by counsel without
giving the party advance warning." Id. at 365 n.10.

Pursuant to the California Rules of Court §3.110, Plaintiff is required to file a request for entry of default within 10 days of default. Accordingly, enclosed please find the
proposed Request For Clerk to Enter Default Under LBR 7055-1(a) that will be filed on 4-17-2019, unless I receive a conformed copy of a responsive pleading by close of
business, **4-16-2019 at 5:00pm**.

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,
Baruch Cohen
BARUCH C. COHEN
cc:   Jonathan Baker
Enclosure - Request For Clerk to Enter Default Under LBR 7055-1(a)
C:\DATA\DOCS\BEG\OPC-3 - Advance Warning Default.wpd
4/15-5:51pm

---

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
**Notice of Ex Parte Hearings Will Not Be Accepted by Email**
(http://attorneysdefendingisrael.blogspot.com/)   American Trial Attorneys in Defense of Israel
    (https://www.linkedin.com/in/baruchcohen/)
        (https://mail.google.com/)          (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)

2013, 2015, 2016, 2017, 2018 & 2019 Super Lawyers® is a registered trademark of Thomson Reuters

5/8/2019        LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Re: BAKER VS MOUNT - Adversary # 6:19-ap-01050-MH - Advance Warning Re: D...

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

On Mon, Apr 15, 2019 at 5:38 PM Chris Hewitt <hewittesq@yahoo.com (mailto:hewittesq@yahoo.com)> wrote:

It looks like Thomas will be answering the case. I haven't received any money to do so and am not obligated to do anything with my limited appearance. I think he was out of town, and is telling me that he's putting money together to do so but I can't work on it until I get a retainer which I believe is a week ago. So if you could please check in with me before you do a default as his intention is to answer and fight the case. I appreciate it.

Sincerely,

Chris Hewitt
74361 Highway 111  Suite 7 Palm Desert, CA 92260 &
3890 11th street (By Appt only) Riverside, CA 92501
(Cell) 415-265-2917
(Phone) 760-459-2438
(Fax) 877-241-6366
hewittbankruptcy (http://hewittbankruptcy.com)

On Friday, March 15, 2019, 10:39:54 AM PDT, Baruch Cohen <baruchcohen@baruchcohenesq.com (mailto:baruchcohen@baruchcohenesq.com)> wrote:

Dear Debtor & Counsel:

Enclosed please find:

- **COMPLAINT FOR: NONDISCHARGEABILITY OF DEBT PURSUANT TO: 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. § 523(a)(6); DENIAL OF DISCHARGE PURSUANT TO: 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. §727(a)(4)(A); 11 U.S.C. §727(a)(4)(D); 11 U.S.C. §727(a)(5); & UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICE CAL. BUS. & PROF. CODE § 17200, ET SEQ**
- **SUMMONS & NOTICE OF STATUS CONFERENCE**
- **EARLY MEETING OF COUNSEL AND STATUS CONFERENCE INSTRUCTIONS**
- **NOTICE OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 7026-1**
- **PROOF OF SERVICE**

All were mailed to you as well.

BCC

---

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*
(http://attorneysdefendingisrael.blogspot.com/)   American Trial Attorneys in Defense of Israel
(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)    (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37) *



**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

✓ (https://mailtrack.io?                        Sender notified by
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)    Mailtrack (https://mailtrack.io?
                                                utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

✓ (https://mailtrack.io?                        Sender notified by
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)    Mailtrack (https://mailtrack.io?
                                                utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

# EXHIBIT - 4



**BARUCH COHEN <baruchcohen@baruchcohenesq.com>**

## Re: BAKER VS MOUNT - Adversary # 6:19-ap-01050-MH - Advance Warning Re: Default

**Chris Hewitt** <hewittesq@yahoo.com>                                    Mon, Apr 15, 2019 at 6:08 PM
Reply-To: Chris Hewitt <hewittesq@yahoo.com>
To: bcc@baruchcohenesq.com

This email is personal between you and I so please do not send an email back with Thomas or any other party. I have been out of the office more than 1/2 the time since 4/4 my wife has had numerous tests which will require surgery and is diagnosed with cancer and I have 4 young kids so my time has been spent on only the most pressing things. My typical understanding in adversaries is the client is served with the summons in something other than mail and email, and was not sure if the summons being served by mail was suffice. I have had a hard time getting in touch with Thom who has recently gone over the facts and wishes to engage me but has not paid me but promised to within a week, so I won't be able to answer by tomorrow, but believe it should not be an issue for us to allow another week for me to answer under the circumstance. Please let me know.

Chris Hewitt
74361 Highway 111 (https://maps.google.com/?
q=74361+Highway+111++Suite+7+Palm+Desert,+CA+92260&entry=gmail&source=g) Suite 7
Palm Desert, CA 92260 (https://maps.google.com/?
q=74361+Highway+111++Suite+7+Palm+Desert,+CA+92260&entry=gmail&source=g) &
3890 11th street (https://maps.google.com/?q=3890+11th+street&entry=gmail&source=g) (By
Appt only) Riverside, CA 92501
(Cell) 415-265-2917
(Phone) 760-459-2438
(Fax) 877-241-6366
hewittbankruptcy.com (http://hewittbankruptcy.com)


[Quoted text hidden]

# EXHIBIT - 5



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

## Re: BAKER VS MOUNT - Adversary # 6:19-ap-01050-MH - Advance Warning Re: Default

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>
Reply-To: bcc@baruchcohenesq.com
To: Chris Hewitt <hewittesq@yahoo.com>
Cc: BARUCH COHEN <bcc@baruchcohenesq.com>

Mon, Apr 15, 2019 at 6:53 PM

Chris:

This letter remains between us: I am very sorry to hear about your wife and the challenges that you are facing with her cancer. I too, have been victimized by cancer, as my 17 year old daughter died tragically from cancer 15 years ago. May God speedily grant good health to your wife. So I am extremely sensitive to your plight, and mean no disrespect in responding to the merits of the case:

- Service by mail is 100% sufficient.
- My policy to to liberally grant professional courtesies, so out of respect for your situation and of your request, my client is prepared to extend the filing of the default by a week, if we receive your confirmed answer by 4-22-2019 at 5:00pm. If we do not, we will file the default and the unilateral status report by 4-23-2019.
- You might want to seriously consider sitting down with your client to discuss an immediate settlement with my client rather than fighting. If your client stipulates to a judgement under 523, my client would be prepared to dismiss the 727 claim and your client gets his sought-after discharge. As my client already has a pre-petition state court judgement, it would be giving my client what he already has, at no serious cost to your client. Otherwise, if your client wants to litigate, I can assure you, having litigated many 523/727 claims, that you will exhaust whatever initial retainer you come up with to file an answer, this litigation will cost the Debtor more than it's worth, and he'll rue the day why he didn't jump at the settlement offer sooner. Please check my litigation verdict history on PACER to see my experience in prosecuting 523/727 claims. If you see the wisdom in my suggestion, please call me immediately to discuss settlement. Settlement = finality.
- A reminder, I will be out of the country celebrating the Jewish holiday of Passover with my family. Passover this year is from 4-18-2019 - 4-30-2019. The actual Passover holiday dates are: 4-20-2019 & 4-21-2019, and 4-26-2019 & 4-27-2019 and work if forbidden during those days. The days in between are called Chol Hamoed and work is not forbidden, but permitted during those days when necessary. I hope to have WIFI access while I will be out of the country, and will be able to communicate with you via email & fax during Chol Hamoed, if necessary. Factoring in the travel to and from my destination, I will be out of the office from 4-18-2019 - 4-29-2019.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*

(http://attorneysdefendingisrael.blogspot.com/)   American Trial Attorneys in Defense of Israel

(https://www.linkedin.com/in/baruchcohen)
(https://mail.google.com/)         (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)



**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

✔ (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

[Quoted text hidden]

# EXHIBIT - 6



**BARUCH COHEN <baruchcohen@baruchcohenesq.com>**

## Re: BAKER VS MOUNT - Adversary # 6:19-ap-01050-MH - Advance Warning Re: Default

**Chris Hewitt** <hewittesq@yahoo.com>                                      Tue, Apr 16, 2019 at 5:54 PM
Reply-To: Chris Hewitt <hewittesq@yahoo.com>
To: bcc@baruchcohenesq.com

Thanks. I appreciate the extension and I will talk to my client. It threw me off a little that you'd do a 727 as that would allow other creditors to attack the client as well as opposed to just your client and now it seems like there is some leveraging with it in terms of getting him to settle. The US trustee and the standing trustee haven't done anything in this case which to me would make it seem like 727 shouldn't be an issue. I think the differences of facts in terms of creative control on the project are being seen from two very different perspectives so without talking to you further it may be hard for me to convince him to settle other than a cost of defense settlement as he is adamant about the work that he put together for the contract. Do you have time to talk so I have something to present to my client. I can schedule a phone consultation at your convenience and again thank you for the professional courtesy.

Sincerely,

Chris Hewitt
74361 Highway 111 (https://maps.google.com/?
q=74361+Highway+111++Suite+7+Palm+Desert,+CA+92260&entry=gmail&source=g) Suite 7
Palm Desert, CA 92260 (https://maps.google.com/?
q=74361+Highway+111++Suite+7+Palm+Desert,+CA+92260&entry=gmail&source=g) &
3890 11th street (https://maps.google.com/?q=3890+11th+street&entry=gmail&source=g) (By
Appt only) Riverside, CA 92501
(Cell) 415-265-2917
(Phone) 760-459-2438
(Fax) 877-241-6366
hewittbankruptcy.com (http://hewittbankruptcy.com)

[Quoted text hidden]

# EXHIBIT - 7

## United States Bankruptcy Court
## Central District of California

### 3420 Twelfth Street, Riverside, CA 92501-3819

| | |
|---|---|
| In re:<br>Thomas Mount<br><br>Debtor(s) | BANKRUPTCY CASE NO.: 6:19-bk-10279-MH<br><br>CHAPTER NO.: 7 |
| Jonathan Baker<br><br>(See Attachment A for names of additional plaintiffs)<br>Plaintiff(s)<br>Versus<br>Thomas Mount<br><br>Defendant(s) | ADVERSARY NO.: 6:19-ap-01050-MH |

## NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S)
## UNDER LOCAL BANKRUPTCY RULE 7055-1(a)

On 4/22/19, a request was filed for the clerk to enter default against defendant(s) **Thomas Mount**.

Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

Dated: April 23, 2019

By: **Rita Cargill**
   **Deputy Clerk**

(Form van192-nched VAN-192) Rev. 12/2014

**6 - 4 / CAR**

## ATTACHMENT A
### Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Jonathan Baker<br>Baker Entertainment Group | Thomas Mount |

(Form van192–nched VAN–192) Rev. 12/2014

## ATTACHMENT A

# EXHIBIT - 8

Case 6:19-ap-01050-MH   Doc 8   Filed 04/25/19   Entered 04/25/19 21:38:05   Desc
Imaged Certificate of Notice     Page 1 of 3

United States Bankruptcy Court
Central District of California

Baker,
          Plaintiff                                          Adv. Proc. No. 19-01050-MH

Mount,
          Defendant

## CERTIFICATE OF NOTICE

District/off: 0973-6           User: rcargillC          Page 1 of 1              Date Rcvd: Apr 23, 2019
                               Form ID: van192          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 25, 2019.
dft          +Thomas Mount,   38525 Desert Green Dr E,   Palm Desert, CA 92260-1268

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                            TOTAL: 0

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
pla          Baker Entertainment Group
pla          Jonathan Baker
                                                                                TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 25, 2019                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 23, 2019 at the address(es) listed below:
          Baruch C Cohen    on behalf of Plaintiff Jonathan  Baker bcc@BaruchCohenEsq.com,
          paralegal@baruchcohenesq.com
          Baruch C Cohen    on behalf of Plaintiff   Baker Entertainment Group bcc@BaruchCohenEsq.com,
          paralegal@baruchcohenesq.com
          Charles W Daff (TR)    charleswdaff@gmail.com,  c122@ecfcbis.com
          United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
                                                                      TOTAL: 4

## United States Bankruptcy Court
## Central District of California

### 3420 Twelfth Street, Riverside, CA 92501-3819

| | |
|---|---|
| In re:<br>Thomas Mount<br><br>Debtor(s). | BANKRUPTCY CASE NO.: 6:19-bk-10279-MH<br><br>CHAPTER NO.: 7 |
| Jonathan Baker<br><br>(See Attachment A for names of additional plaintiffs)<br>Plaintiff(s)<br>Versus<br>Thomas Mount<br><br>Defendant(s) | ADVERSARY NO.: 6:19-ap-01050-MH |

## NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S)
## UNDER LOCAL BANKRUPTCY RULE 7055-1(a)

On 4/22/19, a request was filed for the clerk to enter default against defendant(s) **Thomas Mount**.

Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

KATHLEEN J. CAMPBELL, CLERK OF COURT

Dated: April 23, 2019

By: Rita Cargill
Deputy Clerk

(Form van192-nched VAN-192) Rev. 12/2014

**6 - 4 / CAR**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Jonathan Baker<br>Baker Entertainment Group | Thomas Mount |

(Form van192-nched VAN-192) Rev. 12/2014

# ATTACHMENT A

# EXHIBIT - 9

5/16/2019        LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Re: Baker et al. v. Mount 19-01050 - Meet & Confer re Misrepresentations in Motion…



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

## Re: Baker et al. v. Mount 19-01050 - Meet & Confer re Misrepresentations in Motion to Set Aside Default & Defendant's Unilateral Status Report

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>                                    Wed, May 8, 2019 at 8:54 AM
Reply-To: bcc@baruchcohenesq.com
To: Chris Hewitt <hewitlesq@yahoo.com>
Cc: Baruch Cohen <bcc@baruchcohenesq.com>
Bcc: Jonathan Baker <jonathanbaker@bakerentgroup.com>, chris.stefanini@gmail.com

Counsel:

I am **VERY** concerned about the misrepresentations made in your Motion to Set Aside Default & Defendant's Unilateral Status Report.

> *"Unbeknownst to the Defendant, the Court entered a default against the Defendant on April 22, 2019. The Defendant Answered the Plaintiffs' Adversary Complaint on April 25, 2019, not knowing that the default bad actually been entered....Defendant never received any courtesy notices directly from the Plaintiffs about the entry of default or the Plaintiffs unilateral filing of the Status Report ahead of the scheduled May 8, 2019, Status Conference."*

On **3-14-2019**, in compliance with Local Bankruptcy Rule 7026-1, I filed and served you with a copy of this Court's Early Meeting of Counsel and Status Conference Instructions Effective February 17, 2012 [Doc-2] and I served you with the Notice of Compliance with Local Bankruptcy Rule 7026-1.

On **4-4-2019** and on **4-14-2019**, I explicitly wrote you of the pending default, extended professional courtesies to you about the pending default and of the status report, and I even extended the response deadline for you at your request pursuant to your confidential letters that you asked to remain between us. I served you with the Request for Default and the BNC shows that Defendant was served with the actual default too. How on earth you could attest under penalty of perjury to the contrary is beyond me.

Now, you've made blatant misrepresentations to the court, now I will be forced to present those letters to the court refute your misrepresentations. I strongly urge you to withdraw your motion and unilateral report *immediately* (this morning) and refile them - without the misrepresentations, or I will be forced to oppose them, present the confidential letters that you asked to remain between us - and seek sanctions re same.

I grant professional courtesies liberally, but the kid gloves come off when I'm lied to. The pricetag for my attorneys fees just went up to $3,500.00.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*

(http://attorneysdefendingisrael.blogspot.com/)    American Trial Attorneys in Defense of Israel

(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)        (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)



**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers®* *is a registered trademark of Thomson Reuters*
This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

On Tue, May 7, 2019 at 8:54 PM Baruch Cohen <baruchcohen@baruchcohenesq.com (mailto:baruchcohen@baruchcohenesq.com)> wrote:

Why don't we just say $2,500 for reasonable arts fees in doing the default and unilateral?

On Tue, May 7, 2019 at 8:51 PM Chris Hewitt <hewittesq@yahoo.com (mailto:hewittesq@yahoo.com)> wrote:
See attached Notice of Motion and Motion to Set Aside.  I will file the Status Report in the morning.
Thank you again regarding your professional courtesy regarding this matter.

Chris Hewitt
74361 Highway 111 (https://maps.google.com/?
q=74361+Highway+111++Suite+7+Palm+Desert,+CA+92260&entry=gmail&source=g) Suite 7 Palm Desert, CA 92260
(https://maps.google.com/?q=74361+Highway+111++Suite+7+Palm+Desert,+CA+92260&entry=gmail&source=g) &
3890 11th street (https://maps.google.com/?q=3890+11th+street&entry=gmail&source=g) (By Appt only) Riverside, CA 92501
(Cell) 415-265-2917
(Phone) 760-459-2438
(Fax) 877-241-6366
hewittbankruptcy.com (http://hewittbankruptcy.com)

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.BaruchCohenEsq.com)
Notice of Ex Parte Hearings Will Not Be Accepted by Email

(https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

**7 attachments**

(?
ui=2&ik=3b6bf1d349&view=att&th=16a98277521675ed&attid=0.1&disp=attd&realattid=f_jvfec9pi0&safe=1&zw)
**BAKER - LTR TO OPC RE FRCP 26F MEETING.pdf**
160K

(?
ui=2&ik=3b6bf1d349&view=att&th=16a98277521675ed&attid=0.2&disp=attd&realattid=f_jvfeg3l41&safe=1&zw)
**LAW OFFICE OF BARUCH C. COHEN, APLC Mail - BAKER VS MOUNT - COMPLAINT PACKAGE 3-15-2019.pdf**
452K

(?
ui=2&ik=3b6bf1d349&view=att&th=16a98277521675ed&attid=0.3&disp=attd&realattid=f_jvfegxlu2&safe=1&zw)
**LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Re_ BAKER VS MOUNT - Adversary # 6_19-ap-01050-MH - Advance Warning Re_ Default.pdf**
622K

(?
ui=2&ik=3b6bf1d349&view=att&th=16a98277521675ed&attid=0.4&disp=attd&realattid=f_jvfejlcm3&safe=1&zw)
**LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Re_ BAKER VS MOUNT - Adversary # 6_19-ap-01050-MH - Advance Warning Re_ Default-4.pdf**
186K

(?
ui=2&ik=3b6bf1d349&view=att&th=16a98277521675ed&attid=0.5&disp=attd&realattid=f_jvfejlcx4&safe=1&zw)
**LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Re_ BAKER VS MOUNT - Adversary # 6_19-ap-01050-MH - Advance Warning Re_ Default-3.pdf**
448K

(?
ui=2&ik=3b6bf1d349&view=att&th=16a98277521675ed&attid=0.6&disp=attd&realattid=f_jvfejldc6&safe=1&zw)
**LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Re_ BAKER VS MOUNT - Adversary # 6_19-ap-01050-MH - Advance Warning Re_ Default.pdf**
622K

(?
ui=2&ik=3b6bf1d349&view=att&th=16a98277521675ed&attid=0.7&disp=attd&realattid=f_jvfejld55&safe=1&zw)
**LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Re_ BAKER VS MOUNT - Adversary # 6_19-ap-01050-MH - Advance Warning Re_ Default-2.pdf**
186K

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(c) INCORPORATED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7055; DECLARATION OF BARUCH COHEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 5/16/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen (IP)      bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Charles W Daff (TR)      charleswdaff@gmail.com, c122@ecfcbis.com
Christopher Hewitt (DB) hewittesq@yahoo.com
US Trustee (RS)          ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 5/16/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 5/16/2019,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Personal Delivery*
Hon. Mark D. Houle, USBC, Central District of California, 3420 Twelfth Street, Suite 365, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/16/2019 | Baruch C. Cohen, Esq. | */s/ Baruch C. Cohen* |
|-----------|----------------------|------------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**