Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501        Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorneys For Plaintiffs*  JONATHAN BAKER & BAKER ENTERTAINMENT GROUP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>THOMAS MOUNT,<br><br>    Debtor<br><br>---<br><br>JONATHAN BAKER, BAKER ENTERTAINMENT GROUP,<br><br>    Plaintiffs<br><br>vs.<br><br>THOMAS MOUNT,<br><br>    Defendant | Case No.  # 6:19-bk-10279-MH<br>Adversary # 6:19-ap-01050-MH<br>Assigned to the Honorable Mark D. Houle<br>Chapter 7<br><br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL, COMMERCIALLY SENSITIVE, PROPRIETARY INFORMATION** |

WHEREAS, Defendant Thomas Mount ("Defendant") propounded document demands to Plaintiff Jonathan Baker ("Plaintiff"), specifically regarding a motion picture named "Fate," and specifically, Document Demands 9, 13, 14, 15, 16, & 22 ("Fate Document Demands").

WHEREAS, as the Fate motion picture is still in development, the documents to be produced in response to Defendant's Document Demands 9, 13, 14, 15, 16, & 22 ("Fate Document Demands") are confidential, commercially sensitive, proprietary information ("DRFDD.")

WHEREAS, the parties agree that the DRFDD are to be considered confidential and

12/19-1:58pm

request entry of a stipulated protective order to protect confidential information ("Confidential Information") to facilitate the exchange of such information through the discovery process;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties, through their respective undersigned counsel, that the following provisions shall govern the designation, disclosure and use of the Confidential Information of the DRFDD in this proceeding subject to the approval of this Court:

1. This Stipulation and Protective Order shall apply to all documents, things, material, testimony or other information derived from DRFDD by any party, including such information that is disclosed or produced in any discovery response, pleading, document, affidavit, brief, motion, transcript, correspondence, writing, testimony, deposition, hearing or trial, and any copies, notes, abstracts or summaries thereof.

2. Both Plaintiff and Defendant have designated DRFDD as "Confidential." Such designation and any and all information derived therefrom is intended to protect information that has not been made public, the disclosure of which may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

3. Deposition testimony or testimony given at a conference, hearing or trial may be designated under this Order by any of the following means:

   a. by stating orally on the record that the information is "Confidential" on the date the testimony is given;

   b. by sending written notice to counsel for all parties designating the testimony as "Confidential" promptly after the testimony is given or once it is transcribed;

   c. by notifying counsel for all parties in writing within thirty (30) days after receipt by the designating party of a copy of the transcript that the testimony is designated as "Confidential" by reference to page(s) and line(s) of the transcript.

   d. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing testimony

designated as "Confidential" and to label such portions appropriately.

4. The inadvertent failure to timely designate "Confidential Information" at the time of production or disclosure shall not operate to waive a party's right to designate such information or documents as "Confidential Information" at a later time, but no party shall be held in breach of this Stipulation and Protective Order if, in the interim, such information or document has been disclosed to any person(s) not authorized to receive "Confidential Information" under this Stipulation and Protective Order. Once such a belated designation has been made, however, the information or document so designated shall be treated as "Confidential Information" in accordance with this Stipulation and Protective Order.

5. The Confidential Information and all other information and documents derived therefrom and designated as "Confidential Information" shall be treated and maintained as confidential by the parties and their counsel and shall not be used by any party or counsel for any business or commercial purpose or in any other administrative or judicial proceeding. The use of Confidential Information shall be limited to the preparation and trial of this action, including discovery, and any and all appeals and/or retrials.

6. Confidential Information may be disclosed only to the following categories of persons:
   a. the Court (including any clerk, stenographer or other person having access to any Confidential Information by virtue of his or her position with or affiliation with the Court);
   b. any party or attorney for a party, and the attorney's legal assistants, secretaries, clerks and other support staff who have been informed of, and agreed to comply with, the terms of this Stipulation and Protective Order;
   c. any consultant and/or potential expert witness for any party who has been informed of, and agreed to comply with, the terms of this Stipulation and Protective Order;
   d. any other person to whom counsel for each of the parties agrees in writing in advance of disclosure that Confidential Information may be disclosed.

7. All persons authorized to receive information under this Stipulation and Protective Order (other than the Court and its employees and court reporters) shall be shown a copy of this Stipulation and Protective Order. Counsel of record for the party disclosing Confidential Information to that person shall retain the original Acknowledgment until the conclusion of this action.

8. Confidential Information shall be maintained in the direct control of counsel for the parties, who shall be responsible for ensuring that any disclosure thereof is pursuant to, and in compliance with, the terms of this Stipulation and Protective Order.

9. In the event of any dispute concerning the designation of any specific information or document and/or the continued designation of any specific information or document under the terms of this Stipulation and Protective Order, the parties shall first meet and confer to attempt to resolve such dispute by negotiating in good faith. If the parties cannot reach an agreement, the parties may proceed by bringing a motion before this Court seeking an order resolving such dispute. The party designating the information shall bear the burden of demonstrating that the material is protected from disclosure under *NBC Subsidiary, Inc. v. Superior Court*, (1999) 20 Cal.4th 1178 and California Rules of Court 2.550. Pending final resolution of any such dispute, the information in dispute shall be treated as Confidential Information as appropriate.

10. In the event that, prior to trial, any party wishes to file any motion, declaration, exhibit or other paper containing or referencing any Confidential Information with the Court in this action, the motion, declaration, exhibit or other paper shall be filed provisionally under seal pursuant to the requirements of California Rule of Court 2.550-2.551. The party who originally designated the information as Confidential Information shall be obligated to file the required application with the Court if it wishes to keep the document under seal.

11. The parties agree that, prior to trial, they will meet and confer in an attempt to reach agreement on a further stipulation and order to maintain the confidentiality of Confidential Information during trial by, among other things, sealing exhibits which contain such

information.  The parties further agree that, if they are unable to reach an agreement on a stipulation and order to maintain confidentiality during trial, they will present the issue to the Court for the Court to determine how to maintain the confidentiality of information during trial.

12. This Stipulation and Protective Order is not intended to and shall not relieve any party from the obligation to timely respond to discovery requests.  This Stipulation and Protective Order also is not intended to and shall not constitute a waiver of any privilege or objection to discovery or the right to assert any privilege or other objection to discovery.

13. This Stipulation and Protective Order is not intended to and shall not prevent any party from disclosing its own Confidential Information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Stipulation and Protective Order.

14. This Order is entered solely for the purpose of facilitating the exchange of information between the parties in this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any information, or altering any existing obligation of any party or the absence thereof.

15. This Order shall be without prejudice to the right of the parties:
   a. to bring before the Court at any time the question of whether any of the information is confidential or whether its use should be restricted or
   b. to present a motion to the Court for a separate protective order as to any of the information, including restrictions differing from those as specified herein.

16. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

17. All Confidential Information, including all information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material so designated, shall be used only for the purpose of the prosecution, defense, or settlement

1  of this action, and for no other purpose.

2  18. Except as otherwise provided below, within thirty days after the final disposition of this action, each person having access to Confidential Information shall either destroy or return all such information to the producing party, and shall destroy all copies, digests, or summaries which have been made of, or prepared from such documents, except that counsel may retain one copy of his or her work papers, provided that counsel continue to protect the confidentiality of such information under the terms of this Stipulation and Protective Order.

8  19. This Stipulation and Protective Order shall extend beyond the final conclusion of this action and shall remain in full force and effect until modified, superseded, or terminated by the Court.

11  20. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

13  21. This Stipulation and Protective Order may be modified by the Court sua sponte, or on the application of any party, or pursuant to a further stipulation or written amendment signed by all parties.  This Stipulation and Protective Order shall be binding on all persons specified herein and all other persons having knowledge of its terms, and any violation hereof may be punishable by contempt and/or appropriate legal penalties.

18  22. By entering into this Stipulation and Protective Order, no party has admitted or agreed that any specific information or document designated as Confidential Information is in fact confidential or otherwise entitled to any protective relief.

21  ///
22  ///
23  ///
24  ///

SO STIPULATED:

DATED:        December 18, 2019            LAW OFFICE OF BARUCH C. COHEN
                                           A Professional Law Corporation

                                           By    /S/ Baruch C. Cohen
                                           Baruch C. Cohen, Esq.
                                           *Attorneys For Plaintiffs* JONATHAN BAKER &
                                           BAKER ENTERTAINMENT GROUP


DATED:        December 18, 2019            LAW OFFICE OF DONALD W. REID

                                           By    /S/ Donald W. Reid
                                           Donald W. Reid, Esq.
                                           Attorneys For Defendant THOMAS MOUNT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL, COMMERCIALLY SENSITIVE, PROPRIETARY INFORMATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/19/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen (IP)    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Charles W Daff (TR)    charleswdaff@gmail.com, c122@ecfcbis.com
Christopher Hewitt (DB)    hewittesq@yahoo.com
US Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 12/19/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 12/19/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Personal Delivery*
Hon. Mark D. Houle, USBC, Central District of California, 3420 Twelfth Street, Suite 365, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/19/2019 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**